IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**HARLON LAVEATO JORDAN, # 47088**                                                 **PLAINTIFF**

**VERSUS**                         **CIVIL ACTION NO. 2:09-cv-249-KS-MTP**

**JOHN PIAZZA**                                                                  **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

       This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff was an inmate at the South Mississippi Correctional Institution at the time he filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendant is John Piazza, Public Defender. Upon review of the entire record, the Court has reached the following conclusions.

       Plaintiff states he was arrested on January 5, 2009, and convicted of false pretense and grand larceny on May 20, 2009. Resp. [8], p. 2. Plaintiff states that he was sentenced to four years to be served as follows: one year to serve in the custody of the Mississippi Department of Corrections to be followed by three years probation. Resp. [14], p. 1. Plaintiff notified this Court by change of address [5] filed January 20, 2010, that he had been released from incarceration and placed on probation. Plaintiff complains that he was sentenced as a felon on misdemeanor charges, his indictment was defective, the statute of limitations on his charges had expired, his sentence did not fit the crime and that the time he spent in confinement prior to his trial was not credited towards his sentence. Compl. [1], pg. 4. Further, Plaintiff alleges that Defendant Piazza as counsel for these criminal charges, failed to "represent Plaintiff within the boundaries of the law." *Id.* As relief, Plaintiff is requesting monetary damages and that "the remainder of my sentence be expelled and that all fines, restitution, community service, probation and any other holds be dismissed." *Id.*

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, thus his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

Defendant Piazza

In order to have a viable claim under 42 U.S.C. § 1983 the Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). Even though Defendant Piazza was a public defender who represented the Plaintiff during his criminal proceedings, this fact alone does not establish

that he is a state actor for § 1983 purposes. Hence, this Court finds that the Plaintiff's claims under § 1983 are precluded by the Supreme Court's ruling in *Polk County v. Dodson,* 454 U.S. 312 (1981). In *Polk*, the Court addressed whether a public defender is a state actor for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. The Court held that he is not:

> We began our analysis by explaining that a public defender's obligations toward her client are no different than the obligations of any other defense attorney. *Id.,* at 318, 102 S.Ct., at 449-450. These obligations preclude attributing the acts of defense lawyers to the State: "[T]he duties of a defense lawyer are those of a personal counselor and advocate. It is often said that lawyers are 'officers of the court.' But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor...." *Ibid.* We went on to stress the inconsistency between our adversarial system of justice and theories that would make defense lawyers state actors. "In our system," we said, "a defense lawyer characteristically opposes the designated representatives of the State." *Ibid.* This adversarial posture rests on the assumption that a defense lawyer best serves the public "not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.'"

*Id.* at 318-19 (quoting *Ferri v. Ackerman,* 444 U.S. 193, 204 (1979)); *see also Ranker v. Corr. Corp. of America*, No. 09-cv-0038, 2009 WL 1793356, at *2 (W.D. La. June 19, 2009)(citing *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988)) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). As such, any deprivation Plaintiff allegedly suffered from Defendant Piazza was not under color of state law.

## Claims

Even if the Defendant, under the allegations of the instant complaint, could be considered a state actor, it is clear that the Plaintiff cannot maintain this action. Plaintiff must pursue claims

that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). If Plaintiff proves his claim that his indictment and subsequent felony conviction and sentence are illegal, and this Court grants the requested relief, it could result in Plaintiff receiving an early release from probation. With this in mind, this Court has determined that Plaintiff must first pursue this cause by filing a petition for habeas corpus relief. *See Caldwell v. Dretke*, 429 F.3d 521, 527 (5th Cir. 2005) (habeas petition proper to challenge probation).

Before Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). Since the Plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief.[1]

To the extent Plaintiff is seeking monetary damages, this Court finds that Plaintiff's claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or

---

[1] The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by the Defendant's alleged actions, it would necessarily imply the invalidity of his conviction and sentence.[2] Thus, Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey*, at this time. In addition, the Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 487. Therefore, this cause of action filed pursuant to § 1983 will be dismissed.

## Conclusion

As discussed above, the Plaintiff has failed to present an arguable constitutional claim in law or fact in order to maintain this particular cause of action against the named Defendant.

---

[2] Regardless of the fact that Plaintiff is now serving probation and is not within the confines of an institution, the *Heck* bar applies and the Plaintiff cannot pursue a § 1983 action "until his conviction which is the subject of this lawsuit has been terminated in his favor." *Lenard v. Mississippi*, No. 5:06cv176DCB-MTP, 2007 WL 2873140, at *2 (S.D. Miss. Sept. 26, 2007) (citing *Randell v. Johnson*, 277 F.3d 300, 301 (5th Cir. 2000), *cert. denied* 532 U.S. 971 (2001)).

5

Consequently, this complaint will be dismissed as for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), with prejudice.[3]  However, any habeas corpus claims Plaintiff may be asserting in this complaint are dismissed without prejudice.

Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[4]  If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 28th day of July, 2010.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.  *See Johnson v. McElveen*, 1010 F. 3d 423, 424 (5th Cir. 1996).

[4] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."